# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SAMAYA MCRAINE,<br><br>                                   Plaintiff,<br>      v.<br>CENTRAL PENINSULA HOSPITAL,<br>                                 Defendant. | Case No. 3:18-cv-00270-TMB |

## **ORDER OF DISMISSAL**

Self-represented litigant Samaya Mcraine filed a Complaint Under the Civil Rights Act 42 U.S.C. § 1983 on November 13, 2018 against Central Peninsula Hospital,[1] along with a Civil Cover Sheet,[2] an Application to Waive the Filing Fee,[3] and a Motion to Appoint Counsel.[4]

Ms. Mcraine's complaint indicates that she is seeking to file suit under 42 U.S.C. § 1983. Her civil cover sheet indicates that she is bringing a personal injury action under HIPAA. She describes the cause as "federal standards for privacy of individually identifiable health information and or security standards for the protection of electronic protected health info."[5]

---

[1] Docket 1.

[2] Docket 2.

[3] Docket 3.

[4] Docket 4.

[5] Docket 2.

The complaint, at Docket 1, names Central Peninsula Hospital as the only defendant. The complaint alleges that after seeking counseling at Central Peninsula Hospital, she was later transferred and committed to Alaska Psychiatric Institute (API).[6] The complaint alleges that Central Peninsula Hospital obtained medical information about her, because a counselor at Central Peninsula Hospital held three papers, which he would not show her, and asked her about prior health and family incidents. Ms. Mcraine further questions or raises concerns about the accuracy of the alleged records that Central Peninsula Hospital allegedly had. The complaint does not specify a remedy from the Court.[7]

Ms. Mcraine further filed a Motion for Additional Defendant at Docket 6. In her motion, Ms. Mcraine seeks to add Providence Hospital Alaska to her lawsuit. The motion states:

> The records Central Peninsula Hospital had/used for involuntary admittance to that facility was records from Providence Hospital Alaska. My addition of defendant is to assist in resolution and location of files to stop further abuse to myself resulting from contents of material and that relevance to the incarceration and circumstances surrounding the records from family stories to actual events, experiences, and potential relationship to medicine and pop culture. Experience not only limited to arts, music TV, movies, news (AP Press) and directly through organizations Nami Anchorage, Southcentral Foundation specifically learning circles elements of Anchorage Community Mental Health, Anchorage School district, Wellspring Ministries Alaska, and Wellspring Church Alaska. Major elements of my personal life experiences

---

[6] *See* Docket 1-1.

[7] Docket 1 at 6-7, *see also* Docket 1-1.

3:18-cv-270-TMB, *Mcraine v. Central Peninsula Hospital.*
Order to Dismiss
Page 2 of 13
Case 3:18-cv-00270-TMB   Document 7   Filed 03/08/19   Page 2 of 13

at Catholic Social Services, AK Dep of Health Counselors Ann Gorsuch, psychiatrist."[8]

Ms. Mcraine provides six exhibits to the Court with her motion, including prior state court legal complaints, letters to medical providers, the ACLU, and to two unknown parties.[9] Her exhibits provide first-hand accounts of her concerns with various medical providers, medical procedures either performed or requested to be performed, and her access to medical care, mental health care, housing assistance, and other social services.[10]

Neither the complaint, nor the Motion for Additional Defendant articulate or specify a remedy.[11]

## SCREENING REQUIREMENT

Federal law requires a court to conduct an initial screening of a civil complaint filed by a self-represented litigant seeking IFP status.[12] In this

---

[8] Docket 6 at 1-2.

[9] Docket 6-1 – 6-7.

[10] *See* Docket 6-1 – 6-7.

[11] See Docket 1 & 6.

[12] *See, e.g., Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (clarifying that the relevant law, 28 U.S.C. § 1915(e) "applies to all [IFP] complaints," and not just those filed by prisoners).

3:18-cv-270-TMB, *Mcraine v. Central Peninsula Hospital.*
Order to Dismiss
Page 3 of 13
Case 3:18-cv-00270-TMB   Document 7   Filed 03/08/19   Page 3 of 13

screening, a court shall dismiss the case at any time if the court determines that the action:

    (i)     is frivolous or malicious;

    (ii)    fails to state a claim on which relief may be granted; or

    (iii)   seeks monetary relief against a defendant who is immune from such relief.[13]

To determine whether a complaint states a valid claim for relief, courts consider whether the complaint contains sufficient factual matter that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[14] In conducting its review, a court must liberally construe a self-represented plaintiff's pleading and give the plaintiff the benefit of the doubt.[15] Before a court may dismiss any portion of a complaint for failure to state a claim upon which relief may be granted, the court must provide the plaintiff with a statement of the deficiencies in the complaint

---

[13] 28 U.S.C. § 1915(e)(2)(B).

[14] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. L.A.*, 250 F.3d 668, 688 (9th Cir. 2001)).

[15] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

3:18-cv-270-TMB, *Mcraine v. Central Peninsula Hospital.*
Order to Dismiss
Page 4 of 13
Case 3:18-cv-00270-TMB   Document 7   Filed 03/08/19   Page 4 of 13

and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[16]

## DISCUSSION

Ms. Mcraine filed a complaint and then filed a Motion for an Additional Defendant. Though this is not a proper way to amend a complaint, the Court has reviewed both the complaint and the motion. Under the principle of liberal construction, the Court will consider both the complaint and the motion in its screening determination. As such, the Court will now refer to the content provided in both the Complaint at Docket 1 and the Motion at Docket 6, solely as "the complaint."

Ms. Mcraine's complaint alleges concerns about possible violations of medical privacy and her frustrations with her prior healthcare providers and local social services. Ms. Mcraine seeks to bring a civil rights claim under 42 U.S.C. § 1983 against two Alaska hospitals, however the required elements of the statute are not met. The named defendants are not state actors operating under the color of state law, nor are there plausible facts to support a violation of constitutional or federal law. The complaint raises Ms. Mcraine's concerns but does not describe or address an actual legal harm or request specific relief. Additionally, this Court does not have jurisdiction to hear Ms. Mcraine's action. For the reasons discussed

---

[16] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

3:18-cv-270-TMB, *Mcraine v. Central Peninsula Hospital.*
Order to Dismiss
Page 5 of 13
Case 3:18-cv-00270-TMB   Document 7   Filed 03/08/19   Page 5 of 13

below, the complaint fails to state a claim upon which relief may be granted. In this case, amendment would be futile; therefore, leave to amend will not be permitted.

## 42 U.S.C. § 1983

42 U.S.C. § 1983 is a federal statute that "is not itself a source of substantive rights," but provides "a method for vindicating rights [found] elsewhere."[17] To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must "plead that (1) defendants acting under color of state law (2) deprived plaintiff of rights secured by the federal Constitution or federal statutes."[18] To act under color of state law, a complaint must allege that the defendants acted with state authority as state actors.[19] To be deprived of a right, the defendant's action needs to either violate rights guaranteed by the Constitution or an enforceable right created by federal law.[20] Critically, a plaintiff must establish a causal link between the state action and the alleged

---

[17] *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).

[18] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[19] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

[20] *Buckley v. City of Redding*, 66 F. 3d 188, 190 (9th Cir. 1995); *Blessing v. Freestone*, 520 U.S. 329, 340-41 (1997).

3:18-cv-270-TMB, *Mcraine v. Central Peninsula Hospital.*
Order to Dismiss
Page 6 of 13
Case 3:18-cv-00270-TMB   Document 7   Filed 03/08/19   Page 6 of 13

violation of his rights.[21] These essential elements must be pleaded in a § 1983 claim.

42 U.S.C. § 1983 also requires that a defendant must be "acting under the color of state law".[22] This essential element of the statute limits who may be a proper defendant under § 1983 litigation. For instance, private citizens, state governmental agencies, and states are not proper defendants for a § 1983 action.[23] The question of whether a person who has allegedly caused a constitutional injury was acting under the color of state law is a factual determination.[24] A defendant has acted under color of state law where he or she has "exercised power 'possessed by the virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'"[25]

42 U.S.C. § 1983 does not confer constitutional or federal rights, but instead, provides a mechanism for remedying violations of pre-existing constitutional or federal rights.[26] Constitutional rights are those conferred by the U.S. Constitution

---

[21] *Preschooler II v. Clark Cty. Sch. Bd. Of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).

[22] *West*, 487 U.S. at 49.

[23] *See* 42 U.S.C. § 1983; *Flint v. Dennison*, 488 F.3d 816, 824-25 (9th Cir. 2007); *Hale v. Arizona*, 993 F.2d 1387, 1398 (9th Cir. 1993) (en banc).

[24] *See Brunette v. Humane Soc'y of Ventura Cty.*, 294 F.3d 1205, 1209 (9th Cir. 2002).

[25] *West*, 487 U.S. at 49 (quoting *Classic*, 313 U.S. at 326); see also *Tongol v. Usery*, 601 F.2d 1091, 1097 (establishing that when state officials are administering a federal funded program, the state officials are still acting under the color of state law).

3:18-cv-270-TMB, *Mcraine v. Central Peninsula Hospital.*
Order to Dismiss
Page 7 of 13
Case 3:18-cv-00270-TMB   Document 7   Filed 03/08/19   Page 7 of 13

to individual citizens. Section 1983 can be used as a mechanism for enforcing the rights guaranteed by a particular federal statute only if (1) the statute creates enforceable rights and (2) Congress has not foreclosed the possibility of a § 1983 remedy for violations of the statute in question.[27] Section 1983 does not provide a cause of action for violations of state law.[28] However, where a violation of state law is also a violation of a federal constitutional right, § 1983 may provide a cause of action.[29]

Importantly in a §1983 action, claims must demonstrate causation, or show how the alleged defendant, acting under color of state law, violated the plaintiff's federal rights. A person deprives another of a federal constitutional or statutory right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'"[30] The required causal connection "may be established when an official sets in motion a 'series of acts by

---

[26] *Graham v. Connor*, 490 U.S. 386, 393-94 (1989).

[27] *Blessing v. Freestone*, 520 U.S. 329, 340-41 (1997); *Dittman v. California*, 191 F.3d 1020, 1027-28 (9th Cir. 1999).

[28] *Galen v. Cty. of Los Angeles*, 477 F.3d 652, 662 (9th Cir. 2007).

[29] *Lovell v. Poway Unified Sch. Dist.*, 90 F.3d 367, 370 (9th Cir. 1996).

[30] *Preschooler II v. Clark Cty. Sch. Bd. Of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).

3:18-cv-270-TMB, *Mcraine v. Central Peninsula Hospital.*
Order to Dismiss
Page 8 of 13
Case 3:18-cv-00270-TMB   Document 7   Filed 03/08/19   Page 8 of 13

others which the actor knows or reasonably should know would cause others to inflict' constitutional harms."[31]

Ms. Mcraine's complaint does not allege wrong doing by a state actor.[32] Central Peninsula Hospital is an independent, not for profit hospital that operates with a Lease and Operating Agreement with the Kenai Peninsula Borough. Similarly, Providence Hospital Alaska is a part of a not-for-profit religious hospital network. Neither of the named defendants are state actors.

Furthermore, Ms. Mcraine's primary allegation focuses on the transfer or dissemination of private medical information. No constitutional right exists regarding medical data privacy. Additionally, the Health Insurance Portability and Accountability Act, better known as HIPAA, does not provide a cause action or remedy for privacy violations. Though this federal law provides data privacy and security protocols for protecting personal medical information, the law does not provide a mechanism for individuals to sue persons or entities for violations of HIPAA. Depending on the facts, an individual may be able to sue healthcare providers for damages in state court for violations of state law. Ms. Mcraine's other

---

[31] *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743).

[32] The Court takes judicial notice of the organizational tax status of Central Peninsula Hospital and Providence Hospital. Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." Black's Law Dictionary (10th ed. 2014).

3:18-cv-270-TMB, *Mcraine v. Central Peninsula Hospital.*
Order to Dismiss
Page 9 of 13
Case 3:18-cv-00270-TMB   Document 7   Filed 03/08/19   Page 9 of 13

primary frustration regarding her medical providers and lack of social services does not have a federal legal protection either under the Constitution or federal law.

Lastly, Ms. Mcraine's complaint does not demonstrate causation. Ms. Mcraine raises broad concerns about her medical privacy, medical care, mental health, ability to access social services, and her housing situation. However, no details exist demonstrating that a state actor took a specific action in violation of her rights.

In sum, in order to plead a proper § 1983 claim, a plaintiff must allege plausible facts that if proven would establish each of the required elements of: "(1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law."[33] Ms. Mcraine's complaint does not demonstrate a violation of either constitutional rights or federal statute because of conduct by a person acting under the color of state law. Without these required elements, Ms. Mcraine's complaint is deficient to the degree that amendment is futile, and her case must be dismissed with prejudice.

---

[33] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986); *see also Pistor v. Garcia*, 791 F.3d 1104, 1114 (9th Cir. 2015).

3:18-cv-270-TMB, *Mcraine v. Central Peninsula Hospital.*
Order to Dismiss
Page 10 of 13
Case 3:18-cv-00270-TMB   Document 7   Filed 03/08/19   Page 10 of 13

## Jurisdiction

Jurisdiction is "[a] court's power to decide a case or issue a decree."[34] A court's subject matter jurisdiction is its "statutory or constitutional power to adjudicate a case."[35] As a federal court, this Court has limited subject matter jurisdiction. It possesses "only that power authorized by the Constitution and statute."[36] This means that the Court has the authority to hear only specified types of cases.[37] "In civil cases, subject matter jurisdiction is generally conferred upon federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331."[38]

Federal question jurisdiction provides a federal court the authority to consider cases brought under the United States Constitution or federal statutes.[39] The complaint does address any federal statute or constitutional issue.[40] Because

---

[34] *Black's Law Dictionary* (9th ed. 2009) (definition of "jurisdiction").

[35] *Steel Co. v. Citizens for Better Environment,* 523 U.S. 83, 89 (1998).

[36] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted); *see also, e.g. A-Z Intern.v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003).

[37] *See, e.g., United States v. Marks*, 530 F.3d 779, 810 (9th Cir. 2008), citing *DaimlerChrysler v. Cuno*, 547 U.S. 332, 342 (2006); *United States v. Sumner*, 226 F.3d 1005, 1010 (9th Cir. 2000).

[38] *Peralta v. Hispanic Bus., Inc.*, 419 F.3d 1064, 1068 (9th Cir. 2005).

[39] 28 U.S.C. § 1331.

[40] *See* Docket 1.

3:18-cv-270-TMB, *Mcraine v. Central Peninsula Hospital.*
Order to Dismiss
Page 11 of 13
Case 3:18-cv-00270-TMB   Document 7   Filed 03/08/19   Page 11 of 13

the complaint does not clearly describe a violation of the U.S. Constitution or a federal statute that is redressable by a private citizen in federal court, this Court does not have federal question jurisdiction over this case.

Diversity jurisdiction requires that the plaintiff have "citizenship which is diverse from that of every defendant" and an amount in controversy greater than $75,000.[41] This means that this Court could have jurisdiction over a case (Including one involving only state law issues) where the plaintiff demonstrates that she is a citizen of a different state than the citizenship of each of the defendants.[42] However, if any of the defendants share citizenship with Ms. Mcraine, then no diversity jurisdiction exists.[43] While Ms. Mcraine does not formally establish citizenship, the pleadings indicate that Ms. Mcraine and her defendants are Alaska citizens.[44] Additionally, neither the complaint, nor the cover sheet establish an amount in controversy. Because she has not demonstrated diverse citizenship here, nor an amount in controversy, this Court does not have diversity jurisdiction over her complaint.

---

[41] 28 U.S.C. § 1332; *See Cook v. AVI Casino Enterprises, Inc.*, 548 F.3d 718, 722 (9th Cir. 2008) (quoting *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (diversity jurisdiction requires "complete diversity of citizenship")).

[42] *Id.* (quoting *Kokkonen*, 511 U.S. at 377).

[43] *Id.*

[44] The Court takes judicial notice that Central Peninsula Hospital is located in Soldotna, Alaska and Providence Hospital is located in Anchorage, Alaska; *see also* Docket 2.

3:18-cv-270-TMB, *Mcraine v. Central Peninsula Hospital.*
Order to Dismiss
Page 12 of 13
Case 3:18-cv-00270-TMB   Document 7   Filed 03/08/19   Page 12 of 13

This Court has neither federal question jurisdiction, nor diversity jurisdiction over this case. Therefore, this Court has no subject matter jurisdiction over this matter. When a court determines "that it lacks subject matter jurisdiction, the court must dismiss the action."[45] In light of the foregoing, Ms. Mcraine's complaint must be dismissed for lack of subject matter jurisdiction.

**IT IS THEREFORE ORDERED:**

1. The Complaint is **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted.

2. All pending motions are **DENIED AS MOOT**.

3. The Clerk of Court is directed to enter a Final Judgment in this case.

DATED at Anchorage, Alaska this 8th day of March, 2019.

*/s/ Timothy M. Burgess*
HON. TIMOTHY M. BURGESS
United States District Judge

---

[45] Fed. R. Civ. P. (12)(h)(3).

3:18-cv-270-TMB, *Mcraine v. Central Peninsula Hospital.*
Order to Dismiss
Page 13 of 13
Case 3:18-cv-00270-TMB   Document 7   Filed 03/08/19   Page 13 of 13